## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSE ELISEO SANDOVAL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 1:12-cv-200-WTL-DKL |
| | ) | No. 1:10-cr-0006-001 |
| UNITED STATES OF AMERICA. | ) | |

### Entry Discussing Motion for Relief Pursuant to
### 28 U.S.C. ' 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of Jose Eliseo Sandoval for relief pursuant to 28 U.S.C. ' 2255 must be denied and this action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The ' 2255 Motion

Sandoval was charged in No. 1:10-cr-0006-001 with unlawful re-entry into the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). On September 24, 2010, Sandoval filed a *Petition to Enter a Plea of Guilty*. On February 11, 2011, the court conducted a change of plea hearing. At that hearing, the court determined "that the defendant [Sandoval] [was] competent to enter a plea of guilty and that the defendant's plea [was] made knowingly and willingly." The court also found, "[b]ased on questions asked of the defendant [Sandoval] by the Court and the defendant's responses to those questions," that Sandoval was "competent to enter a plea of guilty." After hearing and accepting the stipulated factual basis for the plea, the Sandoval's guilty plea petition was accepted and Sandoval was adjudged guilty.

The court then proceeded to impose sentence, which was formally entered on the clerk's docket on March 31, 2011. Sandoval did not appeal his conviction or his sentence, but now seeks relief pursuant to 28 U.S.C. § 2255.

A motion pursuant to 28 U.S.C. 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States,* 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991).

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). Sandoval entered such a plea in this case.

Sandoval's claim in support of his § 2255 motion is that he was denied effective assistance of counsel. The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (*per curiam*) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Sandoval to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make

two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). As to the second required prong under *Strickland,* in order to show prejudice from counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . .'" *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart,* 474 U.S. 52, 56–57 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Hill,* 474 U.S. at 58; *U.S. v. Parker,* 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt v. U.S.,* 574 F.3d 455, 458 (7th Cir. 2009). Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea. *Wyatt,* 574 F.3d at 458.

Sandoval asserts that his trial counsel was ineffective. Each of these relate to the imposition of sentence. His specifications are that his attorney (a) failed to request a fast-track downward departure, (b) failed to object to the 16 level increase (Sentencing Guideline §

2L1.2(b)(1)(A)(ii)) for having a prior felony conviction for a crime of violence, (c) failed to request a one-level reduction for waiving Sandoval's appeal rights, and (d) failed to object to the presentence investigation. In each instance, however, the expanded record either shows no basis for proceeding as Sandoval contends his attorney should have or contradicts Sandoval's contention that his attorney should have acted otherwise.

Based on the foregoing, there is no "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011)(quoting *Strickland*, 466 U.S. at 694). This is the end of the required analysis because a court "need not consider the first prong of the Strickland test if [it] find[s] that counsel's alleged deficiency did not prejudice the defendant." *Berkey v. United States*, 318 F. 3d 768, 772 (7th Cir. 2003);

The motion for relief pursuant to ′ 2255 is therefore **denied.** Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ′ 2255 Proceedings*, and 28 U.S.C. ′ 2253(c), the court finds that Sandoval has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its

procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

  **IT IS SO ORDERED**.

Date: __06/11/2013__

*William T. Lawrence*

Distribution:

Electronically Registered Counsel

Jose Eliseo Sandoval
No. 09419-028
Yazoo City – Medium FCI
Inmate Mail/Parcels
P. O. Box 5888
Yazoo City, MS 39194

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana